**PEOPLE OF the STATE OF CALIFORNIA, etc., Plaintiff,**

**v.**

**Captain C. E. STASTNY, Commanding Officer of the Long Beach Naval Station, etc., et al., Defendants.**

**Civ. No. 72–112–WPG.**

United States District Court,
C. D. California.

July 17, 1972.

---

**6.** Petitioner's Reply at 15.

**7.** *Id.* at 13, 15–16.

**8.** Id. at 13.

**9.** Petitioner's Supplemental Reply at 5–6.

William D. Keller U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civil Div., Donald J. Merriman, Asst. U.S. Atty., Los Angeles, Cal., for defendants.

John D. Maharg, County Counsel, Andrew C. Schutz, Deputy County Counsel, Los Angeles, Cal., for plaintiff.

WILLIAM P. GRAY, District Judge.

The above-entitled matter came on for hearing before the Honorable William P. Gray, judge presiding, at 9:30 a. m., on Thursday, July 6, 1972, upon the motion of defendants for partial summary judgment in their favor on the issue of whether applicable law requires defendants to apply for and obtain permits from the Air Pollution Control Officer of the Los Angeles County Air Pollution Control District prior to operating or using certain equipment and machines at the United States Naval Base at Long Beach, California, a federal facility.

### FINDINGS OF FACT

1. Defendant, United States Navy, is an agency of the United States, and has direct administrative and operational control of the naval base at Long Beach, Los Angeles County, California.

2. The naval base at Long Beach is a federal facility within the meaning and definition of the term "federal facility" as used in the Clean Air Act, 42 U.S.C. § 1857 et seq.

3. The individual defendants are employees of defendant United States Navy vested with executive authority over the operations at the naval base at Long Beach, and are sued herein in their official capacities as such.

4. The Los Angeles County Air Pollution Control District is a duly organized and constituted board in accordance with statutes of the State of California, and is charged with the duty of promulgating rules and regulations pertaining to the regulation and control of sources of air pollution within the County of Los Angeles.

5. The various activities of the Navy at Long Beach include extensive industrial operations designed to accomplish major maintenance and repairs of *capital ships* in support of fleet operations in the Asiatic-Pacific areas. Such industrial operations involve sources of *emissions* (solvent cleaning tanks, paint sprayers, furnaces, etc.), which, if not controlled, contain objectionable ambient air contaminants in the form of fumes, dusts, particulate matters, etc.

6. At the time of the commencement of this action the Los Angeles County Air Pollution Control Board had adopted and there was, and continues to be, in full force and effect a regulation designated "Rule 10", which provides, in pertinent part, as follows:

> "a. *Authority to Construct.* Any person building, erecting, altering or replacing any article, machine, equipment or other contrivance, the use of which may cause the issuance of air contaminants or the use of which may eliminate or reduce or control the issuance of air contaminants, *shall first obtain authorization for such construction* from the Air Pollution Control Officer. An authority to con-

struct shall remain in effect until the *permit to operate* the equipment for which the application was filed is granted or denied, or the application is canceled.

"b. *Permit to Operate. Before* any article, machine, equipment or other contrivance described in Rule 10(a) *may be operated* or used, *a written permit shall be obtained* from the Air Pollution Control Office. No permit to operate or use shall be granted either by the Air Pollution Control Officer or the Hearing Board for any article, machine, equipment or contrivance described in Rule 10(a), constructed or installed without authorization as required by Rule 10(a), until the information required is presented to the Air Pollution Control Officer and such article, machine, equipment or contrivance is altered, if necessary, and made to conform to the standards set forth in Rule 20 and elsewhere in these Rules and Regulations."

7. There is in use by the Navy at the naval facility in Long Beach:

(a) Equipment and machines which, when operated or used, may cause the issuance of air contaminants, and,

(b) Equipment and machines which eliminate, reduce or control the issuance of air contaminants.

8. Defendants have neither sought nor obtained a permit from the Air Pollution Control Officer of Los Angeles County for the use and operation of the equipment and machines referred to in the next preceding finding.

9. To the extent that Rule 10 of the Rules and Regulations of the Los Angeles County Air Pollution District requires defendants to apply for and obtain permits from the County Air Pollution Control Officer prior to the operation or use of equipment and machines at the naval base in Long Beach, a federal facility, it is outside the scope of the requirements imposed upon federal facilities by Section 118 of the Clean Air Act (42 U.S.C. § 1857f).

10. Any of the foregoing findings erroneously designated as a finding of fact shall be deemed to be a conclusion of law.

## CONCLUSIONS OF LAW

1. Defendants are not required to either apply for or obtain permits from the Air Pollution Control Officer of the Los Angeles County Air Pollution Control District prior to operating or using any equipment or machines at the naval base at Long Beach, California.

Let judgment (Partial) be entered accordingly.

## JUDGMENT

### (Partial)

This action came on to be heard before the Court, Honorable William P. Gray, United States District Judge, presiding, on the 6th day of July, 1972. The issues having been duly heard, a decision having been duly rendered, and in accordance with Findings of Fact and Conclusions of Law previously made and entered by the Court,

It is ordered, adjudged, and decreed:

1. *Injunctive Relief.* Plaintiff is not entitled to either a preliminary or permanent injunction enjoining defendants from refraining to comply with those portions or parts of Rule 10 of the Rules and Regulations of the Los Angeles County Air Pollution Control District which pertain to the application for and obtaining of permits from the Air Pollution Control Officer of said district.

2. *Declaratory Relief.* The Clean Air Act (42 U.S.C. § 1857 et seq.) as amended by the Clean Air Act Amendments of 1970, Public Law 91–604, 84 Stat. 1676, does not require either the defendant United States Navy, or the individual defendants, to comply with Rule 10 of the Rules and Regulations of the Los Angeles County Air Pollution Control District to the extent that said Rule 10 requires defendants to apply for and obtain permits prior to the operation and use of any machines or equipment at the naval base at Long Beach, California.